# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS R. SHARP, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-221-DRH |
| | ) |
| **KRISTA SCHORN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**ACCESS TO COURTS**

Plaintiff's first claim involves access to the legal services while in disciplinary segregation. According to I.D.O.C. policy, inmates in segregation may not visit the main law library. Instead, they are allowed to work in the satellite library within that housing unit. Staff from the law library make rounds of the segregation unit to take requests for copies, research and notary services; sometimes these rounds are made by prison staff, and sometimes by inmate law clerks. Plaintiff alleges that Defendants Schorn and Hughes do not make rounds on a regular basis, that they take too long to respond to requests for copies, notary service, and supplies, and that they do not provide adequate assistance in preparing legal documents.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In this case, Plaintiff makes no allegation of any detriment to any specific litigation due to the actions or inactions of Schorn or Hughes. Therefore, he has failed to state a claim upon which relief may be granted, and this claim is dismissed from this action with prejudice.

**RETALIATION**

Plaintiff next alleges that the motivation behind Schorn's and Hughes's actions was retaliation for grievances he filed and, more specifically, because of another civil rights lawsuit he filed in this District.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

The Court takes judicial notice of Plaintiff's other lawsuit, as referenced in his complaint. *See Sharp v. Prange*, Case No. 06-cv-171-JPG (S.D. Ill., filed Feb. 27, 2006). After reviewing the complaint in that action, the Court finds that all of Plaintiff's claims are personal gripes against various officers for specific incidents of verbal harassment and other alleged wrongs; none of his claims appear to be "matters of public concern." Therefore, the issues raised in that action, for which Plaintiff also filed grievances, do not qualify as protected speech that would give rise to a viable claim of retaliation.

Consequently, Plaintiff has failed to state a claim upon which relief may be granted, and his claim of retaliation is dismissed from this action with prejudice.

**PERSONAL SAFETY**

Plaintiff's final claim is against Defendant Clyde B, an inmate law clerk who was assigned to work in the segregation unit. Plaintiff asserts that Clyde advised another inmate, Bobby Brown, of the contents of Plaintiff's legal work, which led to Brown making threats against Plaintiff.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . .

> . . .
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988), *citing United States v. Classic*, 313 U.S. 299, 326 (1941).

Even though Clyde was performing his assigned prison job, it can hardly be said that he was "clothed with the authority of state law" in his performance of that job. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his claim against Clyde is also dismissed from this action with prejudice.

## CONCLUSION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   July 31, 2007.**

/s/   David   RHerndon
**DISTRICT JUDGE**